IN THE

# SUPREME COURT

OF THE

# STATE OF LOUISIANA.

---

EASTERN DISTRICT, APRIL TERM, 1825.

---

## JOHNSON & AL. vs. STERLING.

APPEAL from the court of the third district.

PORTER, J. delivered the opinion of the court. This action was instituted against the defendant as surviving partner of the firm of A. & S. Sterling. The plaintiffs demand the sum of $2,036 85 cents, as the alleged balance yet due on a note executed by the said A. & S. Sterling, in favor of the petitioners, for $4,248 53, and also $101 80, for services rendered by one of the latter in collecting debts which he had received from the defendant, on account of the note on which this suit is brought.

If debts be assigned as collateral security, by public act, the assignee is not obliged to use the same diligence as the endorsee of negotiable paper.

An agreement that the *expenses* of collection shall be borne by the assignor, does not authorise the assignee to charge a fee for his own trouble.

East'n. District.
*April* 1825.

JOHNSON & AL.
*vs.*
STERLING.

In the answer, after the general issue, there is a plea that the plaintiffs received from the defendant notes and obligations on various persons to a larger amount than the obligation due them; that thro' their negligence and misconduct in collecting these claims, they have been lost, or the ultimate recovery so endangered, that the petitioners have made them their own. It concludes with a demand in reconvention, and a prayer for judgment against the plaintiffs.

The cause was submitted to a jury, who found a verdict in favor of the plaintiffs for $716 89, and that one of the bonds received by them as collateral security, should be returned to the defendant. The judgment of the court affirmed the verdict for the money declared to be due, but is silent in relation to the bond. The defendant appealed. And the plaintiffs, under the act of the legislature, have prayed that the judgment of the court below be amended in their favor.

In the first agreement entered into between the parties in relation to the bonds, and judgment assigned to the plaintiffs in security of the debt now sued for, it was agreed that the claims so transferred, should be collected at

East'n. District,
*April* 1825.

JOHNSON & AL.
*vs.*
STERLING.

the expense of the assignor; he agreeing to obey all instructions he should receive from the plaintiffs' agent, in relation to the time and manner of making sales on the executions which it might be necessary to issue.

After they had acted some time under this agreement, a second one was made; in which after reciting that certain judgments had been assigned as collateral security for a debt due by A. & J. Sterling, to Mrs. Martha S. Johnston, on which judgments, executions had issued, and twelve months bonds taken, it states, " the clerk and sheriff of the parish will consider R. Post Johnson, or his agent, as the only person to be allowed to take said bonds out of the office, or receive the money due thereon, when collected."

The plaintiffs have been accused of negligence in the discharge of the obligation, which it is alleged they assumed by this agreement; to collect these debts without delay, by due course of law. The plaintiffs, in our opinion, did not undertake to collect these debts without delay, in due course of law. They were the agents of the defendant, and their responsibility depends on their having acted with that diligence and good faith the law requires from

those who transact the business of others. We see nothing in the evidence which would authorise us to impute a want of either to the plaintiffs. On the contrary, we see a great deal of trouble taken, and vexation suffered for the benefit of the defendant. There is no pretence for holding the plaintiffs responsible for the same diligence as the endorsee of negotiable paper. The debts assigned were not of that description, and the form of the transfer excludes any such idea. The case is not like that of *Flower* vs. *M'Micken,* there the plantiff undertook to use *all necessary steps* for the collection of the debt, *without delay; here* no such stipulation made a part of the contract; the debts were assigned as collateral security, and we see nothing which would have prevented the plaintiffs from enforcing the payment of their debt at any time since the assignment.

The obligation was for $4,248 55, on which interest was agreed to be paid, at the rate of ten per cent. from the time it fell due, viz. from the 22d of January, 1821.

The sums credited are as follows:

| | | | |
|---|---|---|---|
| October 1st. 1822. | Paid by James Turner, | . . . . . | $740 00 |
| 26th. " | " " Sale of M‘Gehey's house, | . . | 300 00 |
| Dec. 11th. " | " " James Turner, | . . . . | 205 00 |
| Jan. 3d. 1823. | " " M‘Gehey, | . . . . | 783 10 |
| Feb. 13th. " | " " James Turner, | . . . . | 97 87 |
| 17th. " | " " Collin's acc't of Leake's bond, | | 390 00 |
| March 24th. " | " " Sheriff's acc't of Nelson's do., | | 1,146 12 |
| 27th. " | " " | . . . . . . . . | 347 11 |
| June 7th. " | " " Miles Johnston, | . . . . | 150 00 |
| July 2d. " | " " | . . . . . | 187 00 |
| Nov. 24th. " | " " Bender, | . . . . . | 329 98 |

To which may be added $300 7 cents, the amount ⎫
of receipt (page 43) being $647 18 cents, and the ⎬ 300 7
sum credited only $347 11 cents. ⎭

The above sums deducted from the principal, leaves due on the 24th November, 1823, $1250 70 cents, for which the plaintiffs are entitled to judgment, with interest at ten per cent. until paid. The interest has been calculated on the principle established in the case of *Hynson* vs. *Madden* & *al., Vol.* 1, 571.

In addition to the sum yet due on the note, the plaintiffs claim the balance of an account annexed to their petition. This result is obtained by crediting the sum of $300 70 cents, from the whole amount. Whether the account be correct or not, this credit is erroneously given. As no imputation was made at the time of payment by the consent of the debtor, the money must be applied to the obligation he had most interest in discharging. We have accordingly imputed it to the note which was bearing ten per cent. interest.

But the account itself is subject to serious objections.    One of the items for instance; that in which the defendant is charged with the fee, the plaintiff is to pay his attorney for prosecuting this suit, is of the first impression, and we think cannot be supported.    The claim for commissions on all the moneys collected, is also untenable.    We have already stated that by the agreement the plaintiffs became the attorneys in fact of the defendant for the collection of these debts.    The right to make this demand, has been supported on a clause in the act passed between the parties, by which it is expressed, that the expenses of collection shall be borne by the assignor.    The claim cannot receive much assistance from this stipulation, for it is nothing more than the obligation which the law would have raised from the contract of mandate, without an express agreement to that effect.    The case then stands on the general principle which governs transactions of this kind, and so considered, the charge must be rejected.    The only item of the account which is admissible is $10 paid to counsel for advice.

It is therefore ordered, adjudged and decreed, that the judgment of the district court

JOHNSON & AL.
*vs.*
STERLING.

be annulled, avoided and reversed, and it is further ordered adjudged and decreed, that the plaintiffs do recover of the defendant, the sum of $1,260 70, with interest on 1,250 70, at 10 per cent. from the 24th of November, 1823, until paid, and costs of suit in both courts; and it is further ordered, adjudged and decreed, that the plaintiffs do, previous to taking out execution, execute by public act, and file with the clerk of the district court, in which the cause was tried, a transfer & assignment of the bonds of M'Gehee and Blackbourne, and M'Gahey and Nelson, or for all the remaining parts or portions of said bonds as may be due after deducting the sums received by the plaintiffs and credited to the defendant.

*Woodroof, Watts* & *Lobdell,* for the defendant.